## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOVANNY PENA PENA, | ) |
| | ) |
| Plaintiff, | ) C.A. No. |
| | ) |
| vs. | ) |
| | ) **NOTICE OF REMOVAL** |
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

Defendant, Allstate Insurance Company (hereinafter also referred to as "Allstate"), hereby removes this civil action bearing Index No. 538124/2022 from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1332.

1. Plaintiff, Geovanny Pena Pena ("Plaintiff"), commenced this action in the Supreme Court of the State of New York, County of Kings by filing a Civil Action Complaint ("Complaint") on or about December 30, 2022. A copy of the Complaint is attached hereto as Exhibit "A" without admission or adoption.

2. Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Kings, with Index No. 538124/2022 is directed against single Defendant Allstate. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A" without admission or adoption.

3. Plaintiff seeks to recover damages for serious and severe personal injuries following an automobile accident which occurred on September 25, 2019 at or near the intersection of Munro Boulevard, Valley Stream and Haig Road, Hempstead, Nassau County, New York. A copy of the New York State Department of Motor Vehicles Police Accident Report No. G8F495B18VXH is attached hereto as Exhibit "B" without admission or adoption.

4. According to Exhibit "B" attached hereto, at the time of the September 25, 2019 motor vehicle accident Plaintiff's address was 8410 Rockaway BCH, Apt. 3D in Rockaway Bch, NY 116930000.

5. However, according to Exhibit "B" attached hereto, the motor vehicle which Plaintiff was operating at the time of the motor vehicle accident of September 25, 2019, was a 2006 Nissan (suburban), with motor vehicle license tag registered in the State of Florida and Plate Number 3085TC.

6. Plaintiff's current street address is 3240 W. Lake Drive, Fort Pierce, Florida 34982, which has been his residential address since at October 25, 2022, according to the "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters).

7. Moreover, according to the "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters), Plaintiff resided at 2050 South Ridgewood Avenue, Apt. Q6, South Daytona, Florida 32119-8422 between July 1, 2022 and July 31, 2022; 1219 South Beach Street, Apt. 2037, Daytona Beach, Florida 32114-6340 between July 1, 2021 and May 31, 2022; 1214 Avenue O, Apt. A, Fort Pierce, Florida 34950-7655 between January 1, 2020 and August 2, 2021; 333 South East Calmoso Drive, Port St. Lucie, Florida 34983-2115 between January 8, 2019 and June 8, 2020 after his most recent residential address located at 8410 Beach Channel Drive, Rockaway Beach, New York 11693-1403.

8. According to the "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters), Plaintiff's phone numbers all begin with the phone area code exchange "347" which typically is issued to citizens of the State of New York. Moreover, Plaintiff's Social Security Number was issued in New York in 2011. Additionally, according to the "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters) Plaintiff is a debtor to creditor New York State Department of Taxation and Finance.

9. For diversity purposes, it is well-established that the citizenship of a natural person is equivalent to his or her domicile. *Yonofsky v. Wernick*, 362 F. Supp. 1005 (S.D.N.Y. 1973); *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y. 1962).  Domicile is defined by residence in fact along with the intent to remain there or to return when absent. *Kaufman & Broad v. Gootrad*, 397 F. Supp. 1054, 1055 (S.D.N.Y. 1975).  An individual's residence at the time a lawsuit is commenced provides *prima facia* evidence of their domicile. *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y 1962).  Domicile must be established by the totality of the evidence of a person's contacts with the state and intent to remain there.  *See, e.g., Broadstone Realty Corp. v. Evans, supra.*

10. Based on the totality of Plaintiff's aforementioned contacts, Plaintiff is a citizen of the State of Florida and at the time of the motor vehicle accident, was a citizen of the State of New York.

11. Defendant Allstate Insurance Company is a foreign corporation incorporated under the laws of Delaware, with its principal place of business located in Northbrook, Illinois. Allstate is thus a citizen of the States of Delaware and Illinois, and is not a citizen of New York as alleged by Plaintiff in the Plaintiff's Complaint (Exhibit "A" at ¶ 1).

12. According to Plaintiff's Complaint (Exhibit "A" at ¶ 17, 19, 22), Plaintiff was allegedly injured when the adverse vehicle operated failed to keep a reasonable distance, failed to timely apply his brakes and decelerate his vehicle, and failed to yield the right of way to Plaintiff, resulting in striking Plaintiff's vehicle, resulting in Plaintiff being severely and seriously injured, bruised and wounded, suffered and still suffers and will continue to suffer for some time physical pain and injury to his body, which are believed to be permanent, and further, that the Plaintiff became sick, sore, lame and disabled with loss of earnings/wages.

13. Based on the averments contained in the Complaint, the Plaintiff allegedly sustained severe and serious injuries including becoming disabled as of the age of "41" (See Exhibit "A" and "B" attached hereto and logically the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive interest and costs.

14. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

15. Since Plaintiff and Defendant are citizens of different states, this dispute involves controversies between citizens of different states and therefore is removable pursuant to 28 U.S.C. §1441.

16. Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United States District Court for the Eastern District of New York, which is the District in which the State Court Action is pending.

17. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) and 28 U.S.C. §1446(b)(3) as it was filed within thirty (30) days after Defendant received a copy of the initial pleading (original Complaint at Exhibit "A") setting forth a claim for relief upon which the action or proceeding is based.

18. Defendant, Allstate, will file on this date a copy of this Notice of Removal with the Clerk's Office of the Supreme Court of the State of New York, County of Kings as required by 28 U.S.C. § 1446(c).

19. Defendant, Allstate, will on this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c).

**WHEREFORE**, Defendant, Allstate Insurance Company, respectfully requests that the above-entitled action now pending in the Supreme Court of the State of New York, County of Kings, be removed therefrom to this Court.

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: May 2, 2023          /s/ Jonathan J. Greystone
Jonathan J. Greystone, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
215) 241-8927/(215) 241-8844 (fax)
jgreystone@sgrvlaw.com

305 Broadway
7th Floor
New York, NY 10007

Attorneys for Defendant,
Allstate Insurance company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOVANNY PENA PENA, ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| vs. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

I hereby certify that on May 2, 2023, I served the foregoing Notice of Removal on all counsel of record by causing true and correct copies thereof to be sent via email addressed to the following:

>Gerald G. Arze, Esquire
>Arze & Mollica, LLP
>35 Avenue U, Lower Level
>Brooklyn, NY 11223
>*Attorneys for Plaintiff*

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: May 2, 2023          /s/ Jonathan J. Greystone
                            **JONATHAN J. GREYSTONE, ESQUIRE**